1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10
11   LAWRENCE F. MCCLURE,                    Case No. 16-00203 HRL (PR)
              Plaintiff,
12                                           **ORDER OF SERVICE;**
         v.                                  **TERMINATING DEFENDANT M. E.**
13                                           **SPEARMAN FROM THIS ACTION;**
                                             **DIRECTING DEFENDANTS TO**
14   L. GARCIA, et al.,                      **FILE DISPOSITIVE MOTION OR**
                                             **NOTICE REGARDING SUCH**
15              Defendants.                  **MOTION; INSTRUCTIONS TO**
                                             **CLERK**
16
17
18         Plaintiff, a California state prisoner, filed the instant pro se civil rights action

19   pursuant to 42 U.S.C. § 1983 against prison officials at the Correctional Training Facility –

20   Soledad ("CTF").  Plaintiff's motion for leave to proceed in forma pauperis will be

21   addressed in a separate order.

22

23                                **DISCUSSION**

24   **A.    Standard of Review**

25         A federal court must conduct a preliminary screening in any case in which a

26   prisoner seeks redress from a governmental entity or officer or employee of a

27   governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any

28   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1    upon which relief may be granted or seek monetary relief from a defendant who is immune

2    from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

3    construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

4          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5    elements: (1) that a right secured by the Constitution or laws of the United States was

6    violated, and (2) that the alleged violation was committed by a person acting under the

7    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

8    **B.    Plaintiff's Claims**

9          Plaintiff claims that on February 13, 2015, Defendant Correctional Officer L.

10   Garcia discriminated against him on the basis of his race, i.e., African-American, when he

11   took away Plaintiff's job and his pay based on a non-related incident that occurred during

12   off hours.   (Docket No. 1 at 18.)  Plaintiff claims that Defendant Garcia referred to him

13   using a racial slur, (id. at 3), and that he made statements indicating his bias against

14   African-American inmates, (id. at 8.)  Liberally construed, Plaintiff states a cognizable

15   claim for a violation of his right to Equal Protection.  See City of Cleburne v. Cleburne

16   Living Center, 473 U.S. 432, 439 (1985); Monteiro v. Tempe Union High School Dist.,

17   158 F.3d 1022, 1026 (9th Cir. 1998).

18         Plaintiff claims that Defendant Warden Spearman has refused to respond or

19   acknowledge receipt of his inmate appeal regarding Defendant Garcia's actions.  (Docket

20   No. 1 at 3.)  A supervisor may be liable under section 1983 upon a showing of (1) personal

21   involvement in the constitutional deprivation or (2) a sufficient causal connection between

22   the supervisor's wrongful conduct and the constitutional violation.  Henry A. v. Willden,

23   678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.

24   2011)).  Plaintiff makes no other allegation against Warden Spearman other than his

25   silence, which does not indicate that Warden Spearman was either personally involved in

26   Defendant Garcia's actions or that the Warden himself engaged in any wrongful conduct

27   which caused the deprivation of Plaintiff's rights.  Accordingly, Defendant Warden

28                                              2

United States District Court
Northern District of California

Spearman is DISMISSED from this action as Plaintiff has failed to state any cognizable claims against him.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Correctional Officer L. Garcia** at the **Correctional Training Facility – Soledad (P.O. Box 686, Soledad, CA 93960-0686)**. The Clerk shall also mail a copy of this Order to Plaintiff.

Defendant Warden M. E. Spearman is DISMISSED from this action as Plaintiff has failed to state a cognizable claim against him. The Clerk shall terminate this Defendant from this action.

2.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but

United States District Court
Northern District of California

3

1   before Defendants have been personally served, the Answer shall be due sixty (60) days

2   from the date on which the request for waiver was sent or twenty (20) days from the date

3   the waiver form is filed, whichever is later.

4       3.    No later than **ninety (90) days** from the date of this order, Defendants shall

5   file a motion for summary judgment or other dispositive motion with respect to the claims

6   in the complaint found to be cognizable above.

7           a.    Any motion for summary judgment shall be supported by adequate

8   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

9   Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

10  qualified immunity found, if material facts are in dispute.  If any Defendant is of the

11  opinion that this case cannot be resolved by summary judgment, he shall so inform the

12  Court prior to the date the summary judgment motion is due.

13          b.    **In the event Defendants file a motion for summary judgment, the**

14  **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

15  **warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u>**

16  **<u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

17      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

18  and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

19  motion is filed.

20      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

21  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment

22  must come forward with evidence showing triable issues of material fact on every essential

23  element of his claim).  Plaintiff is cautioned that failure to file an opposition to

24  Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

25  the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u>

26  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18

27  F.3d 651, 653 (9th Cir. 1994).

28

United States District Court
Northern District of California

5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  6/1/16

HOWARD R. LLOYD
United States Magistrate Judge

Order of Service
PRO-SE\HRL\CR.16\00203McClure_svc

5

*United States District Court*
*Northern District of California*